**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LOUISA LUNT,**

      **Plaintiff,**

**-vs-**               **Case No.  6:05-cv-1571-Orl-28DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS UNTIMELY (Doc. No. 7-1)**
>
> **FILED:**   May 22, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

   The Commissioner moves to dismiss Plaintiff's social security appeal as untimely filed. Plaintiff has failed to file a response, though twenty-eight days have elapsed since the motion was filed.  Under the Social Security regulations, Plaintiff had sixty days (plus five days added for mailing) in which to file a civil action in this Court following the denial of her appeal to the Appeals

Council. *See* 20 C.F.R. § 422.210[1]. The Appeals Council denied Plaintiff's appeal on August 11, 2005, and with five days for mailing, the sixty days began running on August 16, 2005. Doc. No. 7-2, Declaration, ¶ 3. Plaintiff had until October 17, 2005 (th first business day following Saturday, October 15) in which to file her civil action. Plaintiff did not file her Complaint until October 18, 2005. Doc. No. 1. Therefore, the Complaint was untimely filed. *See Bowen v. City of New York*, 476 U.S. 467, 480-81 (1986) (ruling that the 60 day period specified in the Act is a period of limitation which can be tolled by the Commissioner or the court where compelling equities favor tolling). Plaintiff has not only failed to argue good cause or extraordinary circumstances which warrant tolling the limitations period, she has failed to even file a response to the Motion to Dismiss.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 19, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[1] 20 C.F.R. § 422.210(c) states as follows:
Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

Case 6:05-cv-01571-JA-DAB   Document 8   Filed 06/19/06   Page 3 of 3 PageID 48

-3-